IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

_____

In re the Matter of:

SYLVIA ROSE DELUNA, *Petitioner/Appellant*,

*v.*

GIOVANNI ALEXANDER PETITTO, *Respondent/Appellee*.

No. 1 CA-CV 18-0631 FC
FILED 9-5-2019

_____

Appeal from the Superior Court in Maricopa County
No. FC2017-051406
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**
_____

COUNSEL

The Law Office of Kristen Kaffer, PLLC, Phoenix
By Kristen E. Kaffer
*Counsel for Petitioner/Appellant*

Law Offices of James B. Rolle, Phoenix
By James B. Rolle, III
*Counsel for Respondent/Appellee*

---

**OPINION**

---

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie joined. Judge Jennifer M. Perkins specially concurred.

---

**W I N T H R O P**, Judge:

**¶1** In this opinion, we address the superior court's statutory obligation to state its analysis on the record when making legal decision-making and parenting-time decisions after the court finds that a parent has engaged in domestic violence. We hold Arizona Revised Statutes ("A.R.S.") section 25-403.03(A) and (D) (2019)[1] require different analyses regarding legal decision making and those specific findings must be stated on the record. We further hold that A.R.S. § 25-403.03(F) requires the superior court to make specific findings on the record when determining parenting time.

**¶2** As a preliminary matter, we start with some statistical information for context. In recent years, superior court filings involving divorce, legal decision making and/or parenting time have substantially increased. In 2018, per statistics published by the Maricopa County Superior Court Clerk's Office,[2] there were 35,757 family court cases

---

[1]    We cite to the current version of the statute when no revisions material to this decision have occurred.

[2]    We take judicial notice of these court statistics. *See* Ariz. R. Evid. 201; Ariz. R. Sup. Ct. 94(a)(3) (defining the duty of the superior court clerk to prepare statistical reports); A.R.S. § 12-283(A)(3), (F) (requiring the clerk of the superior court to keep and maintain court records as required by law or rule of court); Ariz. Code Jud. Admin. § 1-701(C)(1) (requiring that appellate, superior, justice, and municipal courts in Arizona provide statistical data regarding case filings and terminations), *adopted by* Ariz. Sup. Ct. Admin. Order No. 2004-38 (July 1, 2004); *see also Cano v. Maricopa Cty. ex rel. Maricopa Cty. Sheriff's Office*, 1 CA-CV 06-0550, 2007 WL 5446669, at *1, ¶ 3 n.3 (Ariz. App. Nov. 13, 2007) (mem. decision) (noting an appellate court can take judicial notice of facts published on the website of the Maricopa County Superior Court Clerk.

involving children filed in Maricopa County.[3] Many of those filings include requests for the court to initially determine or modify legal decision-making and parenting-time orders.

**¶3**     In general, the statutes governing decisions concerning parenting time, legal decision making, and relocation impose on a superior court the obligation to make specific findings supporting those decisions. *See* A.R.S. §§ 25-403, -408(G), (I); *Owen v. Blackhawk*, 206 Ariz. 418, 421-22, ¶¶ 9-12 (App. 2003) (holding that although A.R.S. § 25-408 makes no reference to findings of fact, specific findings were required by A.R.S. § 25-403 because a proposed relocation involved a substantial and disputed change in physical custody); *see also Murray v. Murray*, 239 Ariz. 174, 177, ¶ 9 (App. 2016) ("Under *Owen*, when the superior court holds a hearing on a request for relocation that necessarily implicates a change in parenting time or legal decision making, the court must make the specific findings of fact required in cases of parenting time and legal decision making under § 25-403.").[4]

**¶4**     Similarly, over that same time period, allegations of domestic violence by a parent—directed at a spouse or a child, or both—have also dramatically increased. The legislature has, in turn, enacted and amended statutes that require the superior court make additional detailed, specific findings related to legal decision making and parenting time where there are allegations of domestic violence. *See* A.R.S. § 25-403.03. At times, those statutes and amendments have been imprecise or lack definitions of critical terms, leading to confusion and unintended errors by the superior court in

---

[3]     By comparison, in 2010, there were 19,461 family court cases involving children filed in Maricopa County. *See* http://www.clerkofcourt.maricopa.gov/news/CaseHistoryIndex.pdf, pp. 38-39 (last visited 08/20/19).

[4]     These statutory mandates, of necessity, often result in orders or rulings of inordinate length. The decree at issue here was twenty-two pages; in cases involving complicated financial issues, the orders can easily exceed forty pages. All this work is done by the superior court judge because there is no funding provided for law clerks or paralegals to assist the bench. And, because of the volume of cases, the family court judges have little time for research and writing as they are on the bench for extended periods most days.

applying the law to the facts of the particular case, sometimes resulting in inconsistent rulings that do not fulfill the statutory mandate.[5]

**¶5**　　　　In this matter, Sylvia Rose DeLuna ("Mother") appeals from a decree of dissolution awarding joint legal decision-making authority and unsupervised parenting time to Giovanni Alexander Petitto ("Father") and denying her request that Father be ordered to reimburse the community for paying Father's separate debt.  Because the superior court failed to properly apply the domestic violence statutes about legal decision-making and parenting-time determinations, we vacate the legal decision-making and parenting-time orders and remand for reconsideration.  We affirm the denial of the reimbursement request.

## FACTS AND PROCEDURAL HISTORY

**¶6**　　　　The parties were married in 2016 and have three children. Before their marriage, in 2013, Father was arrested after he assaulted Mother and her daughter from a prior relationship.  Mother ultimately did not cooperate in the prosecution of the resulting charges, and the charges were dismissed.

**¶7**　　　　After the parties separated in July 2017, Mother obtained an order of protection based on Father's stalking and harassing behaviors. Father was ordered to not have any contact with Mother except through text messages about the children's welfare.  In August 2017, Father violated the protective order when he entered Mother's residence and took her cell phone after an argument.  Later that same day, Father waited outside Mother's residence but left before the police arrived.

---

[5]　　　Complicating the timely and effective resolution of family court cases—including compliance with statutory mandates—has been the parallel dramatic increase in the number of self-represented litigants in this area.  Today, in over eighty percent of family court matters in every county, one or both of the litigants are self-represented.  *See* Arizona Comm'n on Access to Justice Report to the Ariz. Judicial Council 4 (Mar. 26, 2015), http://www.azcourts.gov/Portals/74/ACAJ/ReportACAJ.pdf.　　　This setting creates additional challenges for the judge in trying to understand the position of each party, deal with evidentiary shortcomings and create a record—often without the assistance of any counsel—so that the merits of the case can be meaningfully reviewed on appeal.

¶8        Mother petitioned for dissolution in September 2017, and the superior court held a trial on the petition in September 2018. After the trial, the court issued a lengthy decree of dissolution finding that, although Father had committed domestic violence, it was not "significant domestic violence" under the provisions of § 25-403.03(A). The court ruled that Father was not precluded from joint legal decision-making authority, and also awarded Father parenting time three weekends per month, alternating holidays, and every other week during the summer months. The court denied Mother's request to reimburse the community for paying Father's separate child support obligation for his child from a prior relationship. Mother filed a timely notice of appeal from the decree, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## ANALYSIS

### I.        Standard of Review

¶9        We review the superior court's legal decision-making and parenting-time orders for an abuse of discretion. *See Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). An abuse of discretion occurs when the court commits an error of law in reaching a discretionary decision or when the record does not support the court's decision. *Id.* (citation omitted). We accept the court's findings of fact unless they are clearly erroneous but review conclusions of law and the interpretation of statutes *de novo*. *Id.* (citation omitted).

### II.       Legal Decision Making Under § 25-403.03(A) and (D)

¶10       Mother challenges the order of joint legal decision making, arguing the superior court failed to apply multiple subsections of § 25-403.03 correctly. Father argues the court implicitly found that the evidence of domestic violence was not significant and that he overcame the rebuttable presumption in § 25-403.03(D).

¶11       In a contested legal decision-making and parenting-time case, the superior court must determine the children's best interests in accordance with § 25-403. Section 25-403(A)(8) requires the court to consider whether there has been domestic violence or child abuse pursuant to § 25-403.03. If the court determines domestic violence has occurred, it must then determine whether there is "*significant* domestic violence pursuant to § 13-3601" or if "there has been a *significant history* of domestic violence." A.R.S. § 25-403.03(A) (emphases added). If the court finds either the existence of significant domestic violence or a significant history of domestic violence, the statute precludes an award of joint legal decision-

making authority. *Id.*; *see also Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 12 (App. 2009).

¶12 A finding of no significant domestic violence or significant history of domestic violence under A.R.S. § 25-403.03(A) does not end the inquiry. If the superior court finds domestic violence that was not "significant," § 25-403.03(D) creates a rebuttable presumption that it is contrary to the children's best interests to award sole or joint legal decision-making authority to the offending parent. Before awarding sole or joint legal decision-making authority to the offending parent, the court must make specific findings on the record that there is sufficient evidence to rebut the presumption. A.R.S. §§ 25-403(B), -403.03(D); *see also Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶¶ 18-19 (App. 2013). In making its specific findings in this regard, the court must consider the factors listed in § 25-403.03(E).

¶13 Mother argues she proved significant domestic violence by Father because (1) the 2013 aggravated assault constituted domestic violence as defined in § 13-3601; (2) Mother obtained an order of protection in 2017 after Father stalked and harassed her; and (3) Father repeatedly violated the protective order by coming to Mother's house and sending what the court described as "troubling[,]" "offensive and disrespectful" text messages. Mother also argues that, even if the domestic violence was not "significant," the superior court failed to apply the rebuttable presumption under § 25-403.03(D) that awarding joint or sole legal decision-making authority to a parent who has committed any act of domestic violence against the other parent is contrary to the children's best interests.

¶14 In its decree, the court found Father engaged in acts of domestic violence against Mother. The court then stated:

> [A] finding of significant domestic violence or a history of significant domestic violence generally precludes an award of joint legal decision making or an award of sole legal decision making to the parent who committed the significant act of domestic violence. Further, when the party that committed the act of violence has not rebutted the presumption that awarding [legal decision making] to that person is contrary to the best interest of the child, the court need not consider all the other best-interest factors in A.R.S. § 25-403.A.

Any domestic violence is serious and cause for concern, particularly when directed at another parent. That point explains the presumption in A.R.S. § 25-403.03(D). However, the admonition in subsection A applies only to "significant domestic violence." . . . Here, the evidence establishes by a preponderance of the evidence, there has been domestic violence by Father.

**THE COURT FURTHER FINDS** that though the Court by no means condones the actions found in this case, those acts in the spectrum of domestic violence do not constitute significant [domestic violence] as contemplated by statute.

**THE COURT THEREFORE FINDS** by a preponderance of the evidence that Father has not engaged in "significant domestic violence" such that the prohibition on awarding joint legal decision-making authority applies.

(Citations and quotations omitted.). The court did not further address § 25-403.03(D), nor did it mention—let alone analyze and apply—the factors listed in § 25-403.03(E). Ultimately, the court granted joint legal decision-making authority to Mother and Father.

¶15        Here, it appears the court conflated the findings required under § 25-403.03(A) and (D), and assumed that, since it determined no "significant" abuse had occurred, no further inquiry or analysis was required and Father could be awarded joint legal decision-making authority. Though the court has the discretion to weigh the evidence and determine the degree of the domestic violence's "significance" for the purpose of § 25-403.03(A),[6] that determination does not eliminate the next

---

[6]        The legislature did not define "significant" domestic violence or a "significant history" of domestic violence. Here, in concluding the domestic violence was not significant, the superior court stated that "[s]ignificance is a product of three factors: (1) [t]he seriousness of the particular incident of domestic violence, (2) the frequency or pervasiveness of the domestic violence, (3) and the passage of time and its impact." The court then concluded that Father's acts "in the spectrum of domestic violence do not constitute significant [domestic violence] as contemplated by statute." Recent cases before this court show the superior court has used this three-part test to determine whether the domestic violence and/or history of domestic violence was "significant" under § 25-403.03(A). *See*

step: here, determining whether the evidence presented by Father, as guided by the factors listed in § 25-403.03(E), is sufficient to rebut the presumption that allowing Father to have legal decision-making authority would be contrary to the children's best interests. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) (explaining we defer to the superior court's credibility determinations and the weight to give conflicting evidence).

¶16 To reiterate, under subsection (A), a finding of *significant* domestic violence (or a significant history of domestic violence) as a matter of law precludes an award of joint legal decision making. Beyond that, under subsection (D), a finding of *any act* of domestic violence as defined by the statute creates a rebuttable presumption that awarding sole or joint legal decision making to the offending parent is against the best interests of the children. As such, and before awarding joint or sole legal decision-making authority to the offending parent, the court must find there is sufficient evidence to rebut this presumption. The superior court must do so by making specific findings on the record concerning the relevant factors outlined in § 25-403.03(E). Contrary to Father's argument, we cannot infer that the superior court must have considered these factors when making its decision. *Christopher K.*, 233 Ariz. at 301, ¶ 19 (holding that a court's denial of a petition to modify after finding domestic violence existed "must be justified by specific findings on the record demonstrating the reasons for the court's decision"); *see also Reid v. Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009) (explaining the requirement for specific findings exists not only to aid an appellant and the reviewing court but also to aid all parties and the family court in determining the best interests of the children both currently and in the future).

¶17 Here, the court's order is devoid of any analysis under § 25-403.03(D) and (E). Even though the court did not find "significant" domestic abuse, it was still required to identify the evidence produced by Father that was sufficient to rebut the presumption created by § 25-403.03(D). The lack of findings on the record in this regard is error. *Christopher K.*, 233 Ariz. at 301, ¶¶ 18-19. We therefore vacate the award of joint legal decision-making authority and remand for reconsideration of the

---

*Paredes-Gabriel v. Riva*, 1 CA-CV 18-0328 FC, 2019 WL 1959588, at *4, ¶ 18 (Ariz. App. May 2, 2019) (mem. decision); *Brumley v. Brumley*, 1 CA-CV 17-0498 FC, 2018 WL 2208037, at *3, ¶ 17 (Ariz. App. May 5, 2018) (mem. decision). We agree these factors seem reasonable but note that these factors do not appear in § 25-403.03(A), any family court rule, or published Arizona opinions.

presumption that such an award is contrary to the children's best interests and findings in accordance with § 25-403.03(D) and (E).

### III. Parenting Time Under § 25-403.03(F)

**¶18** Mother also asserts that the superior court awarded parenting time to Father without conducting the analysis required by § 25-403.03(F). Father argues because the court made the award, we may infer that it implicitly made the findings required by subsection (F). We disagree. Because the court concluded that Father committed an act of domestic violence, it was required to explicitly determine whether Father had affirmatively shown that "parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F)(1)-(9). "The court must then make specific findings explaining its reasoning and conclusions." *See Engstrom*, 243 Ariz. at 474, ¶ 18. "If [the offending parent] meets [his] burden to the court's satisfaction, the court shall place conditions on parenting time that best protect the child and the other parent from further harm." *Id.*

**¶19** Here, the court made no such findings. Such findings are required by statute to be stated on the record and cannot be presumed or implied. *See* A.R.S. § 25-403(B); *Hart v. Hart*, 220 Ariz. 183, 186-87, ¶ 13 (App. 2009). Accordingly, we vacate the parenting-time order and remand for reconsideration in accordance with § 25-403.03(F).

### IV. Reimbursement for Father's Separate Debt

**¶20** At trial, Mother claimed that during the marriage the community paid $4,664 to satisfy Father's separate child support obligation for his child from a prior marriage. Father denied this. The court ultimately denied Mother's request to be reimbursed for her share of those community funds. Mother contends this was error.

**¶21** The community is entitled to reimbursement for community funds expended on a spouse's separate debt. *See* A.R.S. § 25-215(B); *see also Potthoff v. Potthoff*, 128 Ariz. 557, 562 (App. 1981). Mother, however, provided no independent evidence to corroborate her claim that community funds were used to pay Father's separate debt, and Father disputed her testimony. The superior court was not bound to accept Mother's testimony, and we do not reweigh the evidence on appeal. *See Hurd*, 223 Ariz. at 52, ¶ 16. Thus, we find no abuse of discretion.

**CONCLUSION**

¶22        For the foregoing reasons, we vacate the legal decision-making and parenting-time orders in the divorce decree and remand for reconsideration consistent with this opinion.  Keeping in mind that the over-arching purpose of these statutes is the current and future best interests of the children, the court on remand should require the parties to present updated information for the court's consideration.  We affirm the denial of Mother's request for reimbursement.  As the prevailing party, and pursuant to A.R.S. § 12–341, Mother is awarded her costs on appeal upon compliance with Rule 21(b), ARCAP.

Perkins, J., specially concurring:

¶23        I concur fully with the opinion, except for paragraphs 2 through 4 and the footnotes therein.  While I have no dispute with any of the facts contained in those paragraphs, the information is not necessary for the decision we reach.  I do not believe a published opinion is the appropriate vehicle for commenting on the public policy choices made by other branches of government.  I am sympathetic to the difficult tasks undertaken by our superior court judges, but respectfully decline to join this opinion as to paragraphs 2 through 4.

