NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

*In re the Marriage of:*

KURT J. B. CURTIS, *Petitioner/Appellee*,

*v.*

HEIDI MARIE CURTIS, *Respondent/Appellant*.

No. 1 CA-CV 19-0755 FC
FILED 10-22-2020

Appeal from the Superior Court in Maricopa County
No. FC2018-094519
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Law Offices of Kevin Jensen, PLLC, Mesa
By Kevin Jensen
*Counsel for Petitioner/Appellee*

Adam C. Rieth, PLLC, Mesa
By Adam C. Rieth
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**C A T T A N I**, Judge:

¶1        Heidi Curtis ("Mother") appeals from the decree of dissolution terminating her marriage to Kurt Curtis ("Father"). She argues that the superior court abused its discretion by awarding the parties joint legal decision-making authority over their minor child and by establishing a 5-2-2-5 parenting schedule. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father were married for approximately seven years before Father petitioned for dissolution in 2018. They have one child together.

¶3        While the dissolution proceeding was pending, the parties agreed to a 2-2-3 parenting schedule. At trial, Father requested a 5-2-2-5 parenting schedule with joint legal decision-making, and Mother requested that Father's parenting time be limited to alternating weekends and that the parties be awarded joint legal decision-making, with her having the final say in the event of a conflict.

¶4        The superior court held a one-day hearing at which both parties testified. Father testified that he believed both parents would be able to cooperatively make decisions regarding the child and that the child had a positive relationship with him and the child's paternal grandparents with whom Father lived. Father further testified that a 5-2-2-5 schedule would better suit his work schedule, which required him to travel every other week.

¶5        Mother testified that she had been primarily responsible for the child's care, and she had concerns with Father's ability to manage the child's serious food allergies. Specifically, she testified that Father did not keep a food log documenting the child's meals, did not keep two EpiPens with him as required, and did not keep his single EpiPen in a temperature-controlled environment.

¶6          After the hearing, the superior court entered a decree of dissolution establishing a 5-2-2-5 parenting schedule and awarding both parents joint legal decision-making, with neither party having final say authority. Mother timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7          Mother challenges the superior court's rulings both as to legal decision-making and parenting time. "We review the superior court's legal decision-making and parenting-time orders for an abuse of discretion." *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).

¶8          Arizona public policy recognizes that "absent evidence to the contrary, it is in a child's best interest . . . [t]o have substantial, frequent, meaningful and continuing parenting time with both parents" and "[t]o have both parents participate in decision-making about the child." A.R.S. § 25-103(B)(1)–(2). Consequently, "[a]s a general rule equal or near-equal parenting time is presumed to be in a child's best interests." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 6 (App. 2019).

## I.      Legal Decision-Making.

¶9          Mother first challenges the superior court's determination that the parties would be able to cooperate in making decisions regarding the child, which supported the award of joint legal decision-making. *See* A.R.S. § 25-403.01(B)(3). She asserts that the court's conclusion is the product of "pure speculation," which is an "insufficient basis to support an award of joint legal decision making." The record, however, supports the superior court's ruling.

¶10         Although Mother cites to evidence that the parties had difficulty reaching agreements, Father testified that he believed he and Mother would be able to cooperatively make decisions regarding the child. He further expressed his interest in having a say in the child's care and activities, including determining which therapist the child saw and whether she participated in karate classes. Father further testified that Mother had previously taken steps to prevent the child from seeing Father's parents, and that the child's relationship with her grandparents had improved after Father and Mother separated.

¶11         The superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Richard M. v. Patrick M.*, 248 Ariz. 492, 498, ¶ 23 (App. 2020)

(citation omitted). And we do not reweigh this evidence on appeal. *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017). The superior court recognized that "[t]he parties have had some difficulty in communicating and cooperating regarding some decisions relating to the child's medical issues in the recent past," but found that "the parties should be able to cooperate in the future, especially if given the appropriate parameters for communication." The court then defined the specific parameters for the parties' communication that it believed would be successful, including the use of a specific communication website. Accordingly, the superior court did not abuse its discretion by awarding both parents joint legal decision-making.

## II. Parenting Time.

¶12 Mother next argues that record does not support the superior court's award of equal parenting time on a 5-2-2-5 schedule.

¶13 Although Mother had been primarily responsible for the child's care during the marriage, Father testified that he was prepared to take a more active role in the child's life now and that he had already been spending more time with the child by virtue of the 2-2-3 interim parenting schedule. He further testified that a 5-2-2-5 schedule would allow him to maximize his time with the child and work best with the travel schedule his employment requires. Father's testimony was disputed, and Mother points to record evidence supporting her position. But the duty to consider and weigh the evidence belonged to the superior court, and we will not reweigh it here. *See Richard M.*, 248 Ariz. at 498, ¶ 23; *Clark*, 243 Ariz. at 276, ¶ 14.

¶14 Further, although Mother suggests that the superior court's ruling does not adequately consider the best interests of the child, the dissolution decree directly addressed Mother's specific concerns regarding Father's ability to manage the child's allergies. The court ordered Father to carry two EpiPens with him and obtain a temperature-controlled case in which to keep them. The court further ordered that both parties create and maintain a food log for the child.

¶15 We discern no abuse of discretion.

**CONCLUSION**

**¶16**　　　　For the foregoing reasons, we affirm.　Both parties request an award of attorney's fees on appeal.　In an exercise of our discretion, we deny both requests.　As the prevailing party on appeal, Father is entitled to his reasonable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:　　AA