NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DAVID RODRIGUEZ, *Petitioner/Appellee,*

*v.*

MICHELLE REYNOLDS, *Respondent/Appellant.*

No. 1 CA-CV 21-0044 FC
FILED 10-7-2021

Appeal from the Superior Court in Maricopa County
No. FC2020-093875
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Respondent/Appellant*

The Sampair Group, PLLC, Glendale
By Patrick S. Sampair
*Counsel for Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

_____

**W I L L I A M S**, Judge:

¶1        Michelle Reynolds ("Mother") appeals the superior court's legal decision-making and parenting time orders. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Mother and David Rodriguez ("Father") married in 2012 and have three minor children together. The year they married, Father pled guilty to a misdemeanor domestic violence assault against Mother and completed a required domestic violence program. In 2020, the parties separated. Mother obtained an order of protection against Father, who did not contest it. Father then petitioned for dissolution of the marriage.

¶3        At the dissolution trial, both parties testified about Father's 2012 conviction for assaulting Mother. Mother also testified Father verbally abused her in the years that followed. Father denied Mother's allegations and stated he did not challenge the order of protection because he had no desire to verbally communicate with Mother. Father acknowledged he and Mother often argued in front of the children. Both parties stated they called law enforcement on several occasions, but no other arrests after 2012 were made.

¶4        In the court's decree, it noted it considered each of the children's best-interests factors enumerated in A.R.S. § 25-403(A). Regarding domestic violence, the court twice referenced plural "acts" of domestic violence, but also made a specific finding that Father had committed only one act of domestic violence against Mother back in 2012. Based upon its finding of one domestic violence act, the court took two further steps in its analysis: (1) the legal decision-making preclusion analysis under A.R.S. § 25-403.03(A); and (2) the rebuttable presumption legal decision-making analysis under A.R.S. § 25-403.03(E). The court awarded the parties joint legal decision-making authority and equal parenting time based upon the children's best interests.

¶5          Mother moved to amend the judgment. The court corrected an allocation of expenses, but otherwise denied the motion. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6          Mother challenges the superior court's award of joint legal decision-making authority and equal parenting time, as well as its denial of her motion to amend the judgment. Mother argues the court erred by failing to explain why its ruling was in the children's best interests. Mother also contends the court misapplied A.R.S. § 25-403.04 and multiple subsections of A.R.S. § 25-403.03.

¶7          We will affirm the superior court's legal decision-making and parenting time orders absent an abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). An abuse of discretion occurs either "when the record does not support the court's decision" or "when the court commits an error of law in reaching a discretionary decision." *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). "We accept the [superior] court's findings of fact unless they are clearly erroneous but review conclusions of law and the interpretation of statutes *de novo*." *Id.*

### I.     *Legal Decision-Making Authority and Parenting Time*

¶8          A.R.S. § 25-403(A) requires the superior court to award legal decision-making authority and parenting time based upon the children's best interests. *See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) (stating that the children's best interests are paramount). In doing so, the court must consider each of the eleven factors listed in A.R.S. § 25-403(A). When legal decision-making authority or parenting time is contested, as it is here, the court must "make specific findings on the record" for each factor, including "the reasons for which the decision is in the best interests of the child[ren]." A.R.S. § 25-403(B).

¶9          Mother concedes the superior court made sufficiently detailed factual findings but argues it failed to explain why its legal decision-making and parenting time orders were in the children's best interests. We disagree. The court stated that its decision was based upon the statutory factors it considered, including specific findings such as the children "have loving relationships and strong bonds with both parents," and the children being "well[-]adjusted to each parent's home." Mother has failed to show error.

*II.    Domestic Violence Under A.R.S. § 25-403.03*

¶10         A.R.S. § 25-403(A)(8) requires the superior court to determine whether there has been domestic violence or child abuse under A.R.S. § 25-403.03. "If the court determines that a parent who is seeking . . . legal decision-making has committed domestic violence against the other parent, there exists a rebuttable presumption that an award of . . . decision-making to the parent who committed the act of domestic violence is contrary to the child's best interests." A.R.S. § 25-403.03(D). If the court also determines that either (1) an act of domestic violence was *significant* pursuant to § 13-3601, or (2) there has been a *significant history* of domestic violence, the court is precluded from awarding the offending parent joint legal decision-making authority. A.R.S. § 25-403.03(A). *See generally DeLuna*, 247 Ariz. at 421, ¶ 1 (holding A.R.S. § 25-403.03(A) and (D) require different analyses regarding legal decision-making authority).

¶11         As noted, *supra* ¶ 4, though the court twice referenced "acts" of domestic violence in the decree, the court found that "Father has committed an act of domestic violence, which occurred in 2012" and that "no further acts of domestic violence have been committed [by Father] since 2012." The court thus found only a single act of domestic violence occurred. Consequently, the court's subsequent mischaracterization in its analysis as to whether there existed "a history of significant domestic violence," rather than "a significant history of domestic violence," did not affect the court's ruling. Though a single act of domestic violence may well be *significant*, a single act by itself is not necessarily evidence of a *significant history* of domestic violence. The court's mischaracterization of the statutory language, though error, was harmless. *See State v. Morris*, 215 Ariz. 324, 335, ¶ 44 (2007*)* (errors not effecting the outcome are harmless); *Black v. Black*, 114 Ariz. 282, 284 (1977) (applying harmless error in a family law case).

¶12         The court appropriately considered whether Father's single act of domestic violence in 2012 was *significant*. The court applied the following test, defining *significance* as "a product of three factors: (1) [t]he seriousness of the particular incident of domestic violence, (2) the frequency or pervasiveness of the domestic violence, (3) and the passage of time and its impact."

¶13         Mother concedes the *significance* test applied to Father's single act of domestic violence in 2012 "is popular, universally applied across the local family court bench, and facially reasonable," but argues its illegality because it does not appear in Title 25 or any published Arizona opinion. Be that as it may, there is no statutory definition of *significant* in this context,

and the superior court is left with "discretion to weigh the evidence and determine the degree of the domestic violence's 'significance' for the purpose of § 25-403.03(A)." *DeLuna*, 247 Ariz. at 424, ¶ 15. This court previously "agree[d] these factors seem reasonable" for defining *significant* in the context of domestic violence. *Id.* at n.6. And, while we acknowledge there may be other reasonable approaches, the test the court applied here was not inappropriate and was within its discretion. Mother has shown no error.

### III.   Rebuttable Presumption Under A.R.S. § 25-403.03(D)

**¶14**          As noted, *supra* ¶ 10, once the superior court found domestic violence had occurred, there existed "a rebuttable presumption that [any] award of . . . legal decision-making to the parent who committed the act of domestic violence [was] contrary to the child's best interests." A.R.S. § 25-403.03(D). A.R.S. § 25-403.03(E) sets forth six factors the court must consider in determining whether the rebuttable presumption has been overcome.

**¶15**          Here, the court appropriately considered each statutory factor and concluded Father had overcome the presumption, in part, because of Father's relationship with the children, completion of a domestic violence program, and completion of a parenting class. Because the record contains sufficient evidence to support the court's findings and conclusions, Mother has failed to show error.

### IV.   Substance Abuse Under A.R.S. § 25-403.04

**¶16**          Mother's final contention is that the court misread A.R.S. § 25-403.04(A), which requires the superior court to determine whether "a parent has abused drugs or alcohol or has been convicted of any drug offense under title 13, chapter 34 or any violation of § 28-1381, 28-1382 or 28-1383 within twelve months before the petition or the request for legal decision-making or parenting time is filed." (Footnote omitted.) If the court so finds, "there is a rebuttable presumption that sole or joint legal decision-making by that parent is not in the child's best interests." *Id.*

**¶17**          More specifically, Mother contends the "twelve-month" window contemplated within the statute applies only to a criminal conviction, while any alcohol or drug abuse should be considered beyond the same twelve months.

**¶18**          Regardless, the distinction makes no difference here. Though the court noted the absence of testimony "indicating that any of Father's

alleged abuse of alcohol or marijuana occurred within twelve months of the filing of the Petition in this matter," the court ultimately found Father had neither "abused drugs or alcohol" during any period of time, nor "was [he] convicted of [any drug] offense." Although conflicting evidence was presented, record evidence supports the court's factual findings. We will not reweigh the evidence or reassess the credibility of witnesses. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002). Mother has shown no error.

**¶19** Finally, because the court did not err (other than a harmless error in misquoting a statute), Mother's argument that the court erred in denying her motion to amend judgment likewise fails. Both Mother and Father request attorney's fees and costs on appeal. After considering the parties' financial resources and the reasonableness of positions, in the exercise of our discretion we deny both requests pursuant to A.R.S. § 25-324. Father is awarded his taxable costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶20** We affirm the superior court's award of joint legal decision-making authority and equal parenting time.



AMY M. WOOD • Clerk of the Court
FILED:   AA

6