NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

BRIAN SCOTT BURTON, *Petitioner/Appellant,*

*v.*

LORENA GROENEVELD, *Respondent/Appellee.*

No. 1 CA-CV 21-0072 FC
FILED 12-16-2021

Appeal from the Superior Court in Maricopa County
No. FC2008-002113
The Honorable Gregory Como, Judge

**AFFIRMED**

APPEARANCES

Brian Burton, Gilbert
*Petitioner/Appellant*

Lorena Groeneveld, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1         Brian Burton ("Father") appeals the superior court's denial of his petition to modify parenting time. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2         Father and Lorena Groeneveld ("Mother") have one minor child together. In 2008, the superior court awarded Mother sole legal decision-making authority for their young child and issued a parenting time order. Since then, the parenting time order has been modified, most recently in 2017 as part of an Arizona Rules of Family Law Procedure Rule 69 agreement reached between the parents. In essence, the 2017 order awarded both parents equal parenting time in summer months and gave Father parenting time every Wednesday, as well as every other weekend, during the child's school year. The Rule 69 agreement stated, "The parents agree one year from this date parents will communicate with the child together his wishes of legal decision-making and parenting time which parents agree to follow based upon the child's wishes."

¶3         In 2020, Father petitioned the superior court to modify parenting time, saying the child desired more parenting time with Father. Mother moved to have the court's conciliation services interview the child, then age twelve, to determine the child's wishes. Over Father's objection, the court granted Mother's motion and ordered the child be interviewed by a court conciliator. The court conciliator provided a written report of the interview, stating, in part, the child "wishe[d] for the schedule during the school year to stay as it is currently."

¶4         Following an evidentiary hearing, the superior court declined to modify parenting time stating, "Father has failed to show a material change in circumstances that warrants a change in the parenting time schedule." Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5    Father challenges the superior court's denial of his petition to modify parenting time, arguing the court failed to make "best interests" findings under A.R.S. § 25-403. And though Father is correct the court did not make those findings under that statute, the court was not required to unless it *first* found a "material change in circumstances affecting the welfare of the child" to warrant a change in parenting time. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015) (quoting *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994)).

¶6    The superior court has broad discretion in determining whether a material change in circumstances exists. *Canty*, 178 Ariz. at 448. This court will affirm that decision absent a clear abuse of discretion. *Vincent*, 238 Ariz. at 155, ¶ 17. An abuse of discretion occurs either "when the record does not support the court's decision" or "when the court commits an error of law in reaching a discretionary decision." *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). This court also accepts the superior court's findings of fact "unless they are clearly erroneous" but reviews conclusions of law and the interpretation of statutes de novo. *Id.*

¶7    Here, Father's primary argument for a material change in circumstances was his belief the child preferred to spend more time with him. The child, however, informed the court conciliator he wanted the schedule during the school year to stay as it was. The superior court found the child was "content with the current parenting time schedule and [did] not wish for it to change." The record supports that finding, as well as the court's conclusion that no material changes in circumstances existed. Because the court acted within its discretion to find no material change in circumstances, the court was not then required to make the best interests findings otherwise required under A.R.S. § 25-403. On this record, Father has shown no error.

## CONCLUSION

¶8    For the foregoing reasons, we affirm the superior court's denial of Father's petition to modify the parenting time order.

