NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

CIARA NICOLE JONES-WRIGHT, *Petitioner/Appellant*,

*v.*

JARED BOYLE WRIGHT, *Respondent/Appellee*.

No. 1 CA-CV 22-0479 FC
FILED 4-20-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-004221
The Honorable Tracey Westerhausen, Judge

**AFFIRMED IN PART/VACATED IN PART/REMANDED**

COUNSEL

Cosmas Onyia PC, Phoenix
By Cosmas Onyia
*Counsel for Petitioner/Appellant*

Law Offices of Kevin Jensen PLLC, Mesa
By Kevin Jensen
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

¶1           Ciara Jones-Wright ("Mother") appeals from the superior
court's dissolution decree ("Decree"). We affirm as to legal decision-making
and parenting time, vacate and remand as to child support, and decline to
award Mother her attorney's fees.

## FACTS AND PROCEDURAL BACKGROUND

¶2           Mother and Jared Wright ("Father") married in June 2019 and
had a child the next year. In June 2021, Father was arrested for committing
domestic violence against Mother. Mother obtained an order of protection
based on this incident, which Father did not contest. Father later pled guilty
to aggravated assault and was placed on probation.

¶3           Mother filed to dissolve the marriage in July 2021. Following
a trial, the superior court entered the Decree in June 2022. The court found
Father had committed domestic violence against Mother but concluded his
conduct was not "significant domestic violence" under A.R.S.
§ 25-403.03(A). It also found Father had rebutted the statutory
presumptions against joint legal decision-making under A.R.S.
§§ 25-403.03(D) and -403.04(B). The court awarded the parties joint legal
decision-making authority and equal parenting time on a week-on,
week-off basis. It also granted Mother's request to relocate with the child to
New Mexico. As for child support, it found that Mother would owe only an
insignificant amount of child support to Father under the Arizona Child
Support Guidelines and deviated to zero. *See* A.R.S. § 25-320 app.
("Guidelines").

¶4           Mother timely appealed the Decree. We reviewed the record
and determined the Decree contained contradictory relocation orders. We
stayed Mother's appeal and provided her with time to move to clarify the
orders. The court corrected its relocation orders, and we lifted the stay. We
have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶5        Mother challenges the joint legal decision-making, equal parenting time, and child support rulings. We review the superior court's legal decision-making, parenting time, and child support orders for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019); *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018). A court abuses its discretion when it "commits an error of law in reaching a discretionary decision or when the record does not support" its decision. *DeLuna*, 247 Ariz. at 423, ¶ 9. We will affirm the order if it is supported by competent record evidence. *Smith v. Smith*, 253 Ariz. 43, 45, ¶ 9 (App. 2022). We do not reweigh conflicting evidence or second-guess the court's credibility assessments. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**A.        The Court Did Not Abuse Its Discretion by Awarding Joint Legal Decision-Making.**

**1.        The Court Did Not Abuse Its Discretion by Finding Father Did Not Commit Significant Domestic Violence or Have a Significant History of Domestic Violence.**

¶6        To determine legal decision-making, the superior court considers the best-interests factors under A.R.S. § 25-403(A), including whether there has been domestic violence or child abuse under A.R.S. § 25-403.03. The court must not award joint legal decision-making if it finds either "significant domestic violence" under A.R.S. § 13-3601 or if it "finds by a preponderance of the evidence that there has been a significant history of domestic violence." A.R.S. § 25-403.03(A).

¶7        Citing the superior court's finding that Father committed domestic violence against her, Mother contends it "erroneously concluded that the domestic violence was not significant."

¶8        The court's order, however, reflects its consideration of all the § 25-403.03(C) factors. The court then turned to A.R.S. § 25-403.03(A). It determined that "though the Court by no means condones the actions found in this case, those acts in the spectrum of domestic violence do not constitute significant [domestic violence] as contemplated by [the] statute." The court also considered three more factors in reaching its conclusion: "(1) [t]he seriousness of the particular incident of domestic violence, (2) the frequency or pervasiveness of the domestic violence, (3) and the passage of time and its impact." Although not a part of any applicable statute or rule, these factors have been applied in similar cases. *See DeLuna*, 247 Ariz. at 424, ¶ 15, n.6.

¶9 Mother argues the superior court's "conclusion was not supported by any evidence in the record or presented by Father at trial." We disagree. Mother testified she had not seen Father since his arrest a year earlier, and she felt safe enough to communicate with him by email. Father testified he was compliant with his probation and had completed anger management and substance abuse classes. The court found that he had completed 27 of 52 domestic violence classes and that although "[s]ome kind of [substance] abuse was going on to cause the [domestic violence]. Father provided evidence that he turned to sober living, . . . tested clean for drugs and never refused a drug test." We will not reweigh the evidence on appeal, *Lehn*, 246 Ariz. at 284, ¶ 20, and the record contains sufficient evidence to support the superior court's findings on this issue.

**2.    The Court Did Not Abuse Its Discretion by Finding Father Rebutted the Presumption Against Joint Legal Decision-Making.**

¶10 If a court finds a parent has committed domestic violence, the law imposes "a rebuttable presumption that an award of sole or joint legal decision-making to the parent who committed the act of domestic violence is contrary to the child's best interests." A.R.S. § 25-403.03(D). The superior court found that Father rebutted this presumption, but Mother again contends the court's ruling lacks evidentiary support.

¶11 The court must consider six factors in determining whether a party has rebutted the presumption. A.R.S. § 25-403.03(E). Here, the superior court made written findings on those six factors and found that Father rebutted the presumption. The record supports those findings. Mother admitted she did not question Father's parenting skills or ability to care for the child. She also testified that he did not pose a risk of harm to the child and was a good father both before and after the domestic violence incident. And both parties testified that, despite some issues, they generally could communicate by email about co-parenting. Mother also proposed Father have week-on, week-off parenting time during the summers if the court permitted her to relocate to New Mexico. On this record, we see no abuse of discretion.

**3.    The Court Did Not Abuse Its Discretion by Finding Father Rebutted the Presumption Against Parenting Time.**

¶12 If the court finds a parent has committed domestic violence, the offending parent bears the burden to show "that parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F). If this burden is met, "the court shall

4

place conditions on parenting time that best protect the child and the other parent from further harm." *Id.*

¶13        Mother contends the superior court failed "to consider the factors outlined under A.R.S. § 25-403.03(F)." Relying on *DeLuna*, she also argues the court did not "explicitly determine whether Father had affirmatively shown that parenting time will not endanger the child or significantly impair the child's emotional development." *See DeLuna*, 247 Ariz. at 425, ¶ 18 (internal citations omitted).

¶14        The record shows the superior court considered whether Father met his burden under A.R.S. § 25-403.03(F), and, in doing so, the court placed appropriate conditions on his parenting time. The Decree shows that the court considered and made specific findings about each best-interests factor in A.R.S. § 25-403(A). The court explained that when it considered whether there was domestic violence under A.R.S. § 25-403.03(C), it did so both in the context of legal decision-making and parenting time. After its A.R.S. § 25-403.03(E) analysis, the court cited A.R.S. § 25-403.03(F) and imposed on Father's parenting time "any conditions that the Court imposes in the criminal case." *See* A.R.S. § 25-403.03(F)(9). The court determined that the parenting plan was "practical and also maximizes each parent's parenting time to the extent it is in the child's best interests." Because the court made these findings and considered these factors, it did not abuse its discretion.

## B.    The Court Erred When Ruling on Child Support.

¶15        Mother challenges the superior court's child support order on three grounds: (1) Father's income, (2) Father's adjustment for the support of a child from another relationship, and (3) Father's adjustment for the child's medical insurance premiums. We agree that the court erred when computing child support and remand for a redetermination.

### 1.    The Court Erroneously Used the Wrong Amount for Father's Child Support Income.

¶16        Mother asserts that the superior court erred when it used $6,280 as Father's monthly child support income because it was undisputed at trial that Father's income was $6,820 monthly. Father concedes this was an error.

### 2. The Court Erroneously Credited the Wrong Amount to Father for Support of a Child from Another Relationship.

¶17      Mother next argues that the superior court erroneously gave Father a credit of $972 for supporting a child from another relationship. Under the Guidelines, a parent may receive credit for supporting children from another relationship if the parent is (1) the primary residential parent or (2) has essentially equal parenting time. Guidelines § II.B.2.d–e.

¶18      Father acknowledged that a court order requires him to pay $96 monthly for the support of his other child, but he voluntarily pays $150 each month. He also acknowledged that he does not have court-ordered parenting time and is not the primary residential parent of his other child. For this reason, the superior court erred when it credited him with $972.

### 3. The Court Erred by Crediting Father for Medical Insurance Premiums.

¶19      Mother also contends the superior court erred by crediting Father $150 monthly for the child's medical insurance premiums. Father did not address this argument in his answering brief. But Father testified that he does not pay for the child's medical insurance and that Mother covers it instead. Because no record evidence supports a premium medical credit for Father, we also reverse and remand this issue. *See Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017).

### ATTORNEY'S FEES AND COSTS

¶20      Mother requests her attorney's fees on appeal under A.R.S. § 25-324(A). After considering the parties' financial resources and the reasonableness of their positions, we decline to award attorney's fees. Per A.R.S. § 25-324, we decline to award either party their costs on appeal.

### CONCLUSION

¶21      We affirm the superior court's orders about legal decision-making authority and parenting time. We vacate and remand for recalculation of child support consistent with this decision.

