NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:
JESSICA BROWN, *Petitioner/Appellee*,

*v.*

DWOIS BROWN, *Respondent/Appellant*.

No. 1 CA-CV 24-0347 FC

FILED 02-20-2025

Appeal from the Superior Court in Maricopa County
No. FC2019-010093
The Honorable Paula A. Williams, Judge

**AFFIRMED IN PART/VACATED AND REMANDED IN PART**

COUNSEL

Jessica Brown, Glendale
*Petitioner/Appellee*

Law Office of Joel L. Brand, Peoria
By Joel L. Brand
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

**¶1**          Dwois Brown ("Father") appeals from the superior court's orders modifying child support and finding him in contempt for unpaid equalization payments and family support. We vacate in part and remand for the court to correct its arrearage determination but affirm on all other grounds.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          Jessica Brown ("Mother") petitioned to divorce Father in December 2019, when the party's two children were minors. In late January 2020, Mother and Father agreed on the basic terms of the divorce settlement, including custody and family support payments. The court entered an order ("Temporary Order") binding the parties and court to the base terms under Arizona Rule of Family Law Procedure ("Rule") 69. Mother and Father later finalized the terms on all issues and signed a separation agreement ("Separation Agreement") in November to serve as the basis for their dissolution decree. The court entered a Consent Decree of Dissolution ("Consent Decree"), using the terms of the Separation Agreement, in February of the next year.

**¶3**          Following the Consent Decree, Mother and Father lodged multiple motions with the court. Father petitioned to enforce parenting time, while Mother petitioned to find Father in contempt for his failure to pay the family support and equalization payments, modify the child support, and for clarification on the Consent Decree. The court first scheduled a three-and-a-half hour hearing on the contempt petition. After multiple continuances, the court ordered the hearing to encompass all four motions and reduced the allotted time to three hours.

**¶4**          After Father learned of the reduction in time, he petitioned for more time, but the court denied his request. At the hearing, the court added time for equalization and announced it would grant more time if it believed

it was required. Father raised his time-extension request again at the end of the hearing, but the court denied the motion.

¶5          After the hearing, the court entered an order resolving the pending motions. In the order, the court recalculated the parties' wages, leading to a change in child support. It clarified the terms of the Consent Decree, relying on an email sent between the parties' legal counsel while preparing the Separation Agreement. The court also found Father in arrears for his failure to pay Mother family support and a portion of their 2019 tax refund. The court found Father in contempt for failing to pay and awarded Mother attorney's fees on the contempt petition. Father appealed the court's rulings on the child support modification and contempt petition.

## DISCUSSION

¶6          Father argues the superior court denied him due process by failing to provide more time at the hearing and that the court erred by determining he owed Mother a sum certain, finding him in contempt for his failure to pay, and awarding Mother attorney's fees on the issue.

¶7          We have an independent obligation to determine whether we have appellate jurisdiction and must dismiss an appeal over which we lack jurisdiction. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019). We have the authority to hear Father's due process arguments. *See* A.R.S. § 12-2101(A)(1). But generally, contempt orders are not appealable. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 145, ¶ 12 (App. 2009). Instead, a petition for special action is appropriate for challenging a civil contempt order. *See Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7 (App. 2010). We may, however, treat an attempted contempt appeal as a special action. *Peace v. Peace*, 234 Ariz. 546, 547, ¶ 4 (App. 2014). We do so here, accepting jurisdiction to resolve the questions raised.

## A.    The Superior Court Afforded Father Due Process.

¶8          Father contends the superior court failed to afford him due process because it refused to grant his requests for additional time to present evidence and testimony. We review whether the court afforded Father due process *de novo*. *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 28 (App. 2020).

¶9          Due process requires courts to afford litigants the opportunity to be heard "at a meaningful time and in a meaningful manner," *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted), but this must be balanced against the court's "broad discretion to impose reasonable time

limits on proceedings and [to] control the management of its docket," *Backstrand*, 250 Ariz. at 346, ¶ 29. Although the court may impose time limits, time limits violate due process if they prove "insufficient to allow a substantive hearing." *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 21 (App. 2014). The court must "allow reasonable additional time or continue [a] hearing" when it "becomes apparent that the court lacks sufficient time to receive adequate testimony." *Id.* But the court does not need to "indulge inefficient use of time by parties or their counsel." *Id.* at 469, ¶ 22.

**¶10** The court allotted three hours for the arguments and hearing and gave a short extension to equalize the parties' time. During the hearing, the court stated it would grant more time if it thought more time was necessary. *See Volk*, 235 Ariz. at 468, ¶ 22 ("[T]he court [must] remain sufficiently flexible in its allotment of time to preserve due process . . . ."). When Father requested more time at the end of his case, the court denied the request because it found Father had wasted his time. The court remained flexible in its time allotment, denying Father's requests because he used his time inefficiently. It did not violate Father's due process by doing so.

**B.     The Court Erred When Calculating Father's Arrearage, but Properly Found Him in Contempt.**

**¶11** Father contends the court erroneously found him in arrears and thus wrongly held him in contempt. He argues that, by extension, the court also erred by awarding Mother attorney's fees for the contempt proceedings. We review the court's contempt order and sanctions for an abuse of discretion. *Stoddard*, 224 Ariz. at 154, ¶ 9. "An abuse of discretion occurs when the court commits an error of law in reaching a discretionary decision . . . ." *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). We do not reweigh the evidence and accept the superior court's factual findings unless clearly erroneous, *Stoddard*, 224 Ariz. at 154-55, ¶ 9, but we review conclusions of law *de novo*, *DeLuna*, 247 Ariz. at 423, ¶ 9.

**1.     The Superior Court Abused Its Discretion by Using Parol Evidence to Interpret the Consent Decree.**

**¶12** A separation agreement may either be merged with the court's decree or merely identified in it. *In re Marriage of Rojas*, 255 Ariz. 277, 282-83, ¶¶ 13-14, 16 (App. 2023). An agreement merges with the decree when it is set forth in the decree. *Id.* at 282, ¶ 14. A merged agreement is "superseded by the decree," and the obligations are not under contract but the court's decree. *LaPrade v. LaPrade*, 189 Ariz. 243, 247 (1997) (citation

omitted). Once merged, "the value attaching to the separation agreement is only historical." *Id.* (citation omitted). An agreement only "retains its independent contractual status" when it expressly provides that a merger is not intended. *LaPrade*, 189 Ariz. at 247-48.

¶13 The Separation Agreement merged with the Consent Decree because it was set forth in the Consent Decree and did not expressly say it was not intended to be merged. *LaPrade*, 189 Ariz. at 248. As a result, the Consent Decree was enforceable by order of the court, not by contract. The superior court thus erred as a matter of law when it used parol evidence (the lawyer's email) to interpret the terms of the Consent Decree. *Merrill v. Merrill*, 230 Ariz. 369, 374, ¶ 14 (App. 2012) ("[T]he [divorce] decree is a judgment of the court, which we interpret as a matter of law without parol evidence."). Because the court based its interpretation of the Consent Decree on parol evidence and used this interpretation to calculate the arrearage value, it abused its discretion in reaching the arrears determination.

### 2. The Superior Court Did Not Abuse Its Discretion by Awarding Attorney's Fees to Mother.

¶14 Although the court erred when calculating Father's arrearage, we will still uphold the contempt order and attorney's fees if Father was in arrears. *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006) ("We may affirm the trial court's ruling if it is correct for any reason apparent in the record."); A.R.S. § 25-317(E) (A separation decree is enforceable by a contempt order.); Ariz. R. Fam. L.P. 92(a)(1) ("The court may use civil contempt sanctions . . . for compensating a party for losses because of a contemnor's failure to comply with a court order."). Thus, we determine whether Father was in arrears.

¶15 The Temporary Order required Father to pay Mother $1,500 monthly for family support starting in January 2020. Under the Separation Agreement the parties signed in November 2020 and the court adopted in February 2021, Father had to pay $1,300 monthly for spousal maintenance starting retroactively in January 2020 and $300 monthly for child support beginning in November 2020. By signing the Separation Agreement, the parties entered a Rule 69 agreement, binding them to the terms of the agreement. *See* Ariz. R. Fam. L.P. 69(a)(1) (An agreement between parties binds the parties if it is in writing and signed by them.). Thus, starting in November 2020, Father owed Mother a combined $1,600 monthly for spousal maintenance and child support.

¶16     Father presented evidence that he paid Mother $1,500 monthly for family support from February 2020 to January 2021, except for three missed payments, and started paying Mother $1,600 monthly in February 2021. But the Separation Agreement required him to start paying $1,600 monthly in November, so he underpaid Mother by $100 for three months. Father missed three monthly payments to Mother before November 2020 but paid twice in November. Father was in arrears by $3,300 for spousal maintenance and child support, as seen in the table below. Thus, the court properly found Father in arrears.

| Missed Payments | 3 × $1,500 | $4,500 |
|---|---|---|
| Overpayment | 1 × $1,500 | -$1,500 |
| Underpayment | 3 × $100 | $300 |
| **Total Missed Payments** | — | $3,300 |

¶17     Father also argues that the court erred by finding he failed to pay Mother a portion of their 2019 tax refund under the Consent Decree. The Consent Decree required Father to pay Mother

> one-half (50%) of his 2019 tax refund, less stimulus money paid to Mother, or $1005.00 within sixty (60) days of the entry of the Decree . . . . [T]he Parties shall equally split within thirty (30) days of receipt any future stimulus payments received by either party relating [to] tax years during the Parties' marriage.

Father presented evidence that he paid Mother two stimulus payments for the time between the signed Separation Agreement and when the court entered the Consent Decree. He argues these payments reduced the $1,005 owed to Mother. Father also alleges that he overpaid Mother for future stimulus payments. He is incorrect on both counts.

¶18     When the parties signed the Separation Agreement in November 2020, they were bound to the terms of the agreement. *See* Ariz. R. Fam. L.P. 69(a)-(b) (An agreement between the parties binds parties at the time of signing but only binds the court after the court approves the agreement.); *accord LaPrade*, 189 Ariz. at 247 (After the court merges the separation agreement, the separation agreement retains its historical value.). As a result, Father's payments for stimulus monies after November

2020 are for "future stimulus payments," as used in the Separation Agreement. Father cannot use these payments to discount the $1,005 owed to Mother. As Father presented no other evidence of paying $1,005, he owes Mother this amount.

**¶19**          Nor did Father overpay for future stimulus payments. The federal government issued three rounds of stimulus payments: the first in March 2020 for up to $1,200 per adult, $500 per child; the second in December 2020 for up to $600 per person; and the last in March 2021 for up to $1,400 per person.[1] Father paid Mother $1,700 in April 2020, which reflects the March 2020 stimulus payments for one child and one adult. In January 2021, he paid $1,200, consistent with two individuals' December 2020 stimulus payments. Father paid $2,800 in March 2021, consistent with March 2021 stimulus payments for two individuals. Father paid the amount required under the Separation Agreement for future stimulus payments but did not overpay.

**¶20**          Father was in arrears to Mother for $4,305, as seen below:

| | |
|---|---|
| **Missed Spousal Maintenance & Child Support** | $3,300 |
| **Missed 2019 Tax Refund Payments** | $1,005 |
| **Future Stimulus Payments** | $0 |
| **Total Arrearage** | $4,305 |

Because Father was in arrears, the court did not abuse its discretion by finding Father in contempt or awarding Mother her attorney's fees for the contempt petition.

---

[1]          *See Economic Impact Payments*, U.S. Dep't of the Treasury, https://home.treasury.gov/policy-issues/coronavirus/assistance-for-american-families-and-workers/economic-impact-payments (last visited Feb. 6, 2025).

## CONCLUSION

**¶21**　　　　We vacate the court's arrearage determination and remand for the superior court to enter Father's arrearage at $4,305. We affirm on all other grounds.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR

8