NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

RON LOPEZ, *Petitioner/Appellee,*

*v.*

MARISSA SCIMONE, *Respondent/Appellant.*

No. 1 CA-CV 21-0220 FC
FILED 5-31-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-071112
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Petitioner/Appellee*

Alongi Law Firm PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge David B. Gass joined.

---

**P A T O N**, Judge:

**¶1** Marissa Scimone ("Mother") appeals the superior court's judgment granting joint legal decision-making authority and equal parenting time to Ron Lopez ("Father") (collectively "Parents") after the superior court found he committed domestic violence against her. She also appeals her attorneys' fees award. We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Mother and Father, who never married, had a son in 2018. At the time of their son's birth, Parents resided in Father's home. About a year after Mother moved out of the home, Father petitioned the superior court to establish paternity and order joint legal decision-making, equal parenting time, and child support. Mother sought sole decision-making authority with Father having two parenting days per week. Parents entered into an Arizona Rule of Family Law Procedure ("ARFLP") 69 agreement stipulating to paternity.

**¶3** The superior court held an evidentiary hearing on decision-making and parenting time, at which Parents and six other witnesses testified. Most of the testimony centered around Parents' relationship and whether Father had anger or violence issues. After hearing the testimony, the superior court found Father committed domestic violence against Mother, but that it was not significant under A.R.S. § 25-403.03(A). The court noted its concerns about Father's "aggressive" "overbearing personality" and his alleged ill-treatment of his dog. The superior court awarded Parents joint decision-making authority, equal parenting time, and ordered Father to pay Mother $438 in monthly child support. The court awarded Mother $7,500 in attorneys' fees under A.R.S. § 25-324.

**¶4** Mother unsuccessfully moved to alter or amend the judgment under ARFLP 83. The superior court entered judgment and Mother timely

appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.    Joint Legal Decision-Making

¶5          The superior court must allocate legal decision-making authority "in accordance with the best interests of the child." A.R.S. § 25-403(A). In making that determination, the superior court must consider "[w]hether there has been domestic violence or child abuse pursuant to § 25-403.03." A.R.S. § 25-403(A)(8).

¶6          We review legal decision-making orders for an abuse of discretion. *See Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018). "An abuse of discretion occurs when the court commits an error of law that underlies its exercise of discretion." *Id.* We accept the superior court's findings of fact unless they are clearly erroneous and review its conclusions of law de novo. *Id.* at 590-91.

### A.    The Superior Court's Domestic Violence Findings

¶7          On appeal, neither party challenges the superior court's finding that Father committed domestic violence. After considering the evidence, the superior court concluded that although Father committed domestic violence against Mother, it was not "significant" "in the spectrum of domestic violence" under A.R.S. § 25-403.03(A).

¶8          Arizona Revised Statutes § 25-403.03(A) provides that "joint legal decision-making shall not be awarded" if the court finds either "significant domestic violence" under A.R.S. § 13-3601 or if it "finds by a preponderance of the evidence that there has been a significant history of domestic violence."

¶9          Mother argues that the superior court erred in using three factors discussed in *DeLuna v. Petitto*, 247 Ariz. 420, 424, ¶ 15 n.6 (App. 2019), to evaluate the significance of Father's domestic violence. As in *DeLuna*, here the superior court considered "(1) the seriousness of the particular incident(s) of domestic violence, (2) the frequency or pervasiveness of the domestic violence, and (3) the passage of time and its impact" on the victim in concluding significant domestic violence had not occurred. The legislature has not defined "significant" under A.R.S. § 25-403.03(A) and, to our knowledge, these factors have not been adopted by any statute, family court rule, or published opinion. We disagree with

3

Mother, however, that because the factors were not mandated by the legislature or courts, the superior court abused its discretion in considering them. *See DeLuna*, 247 Ariz. at 424, ¶ 15 n.6 (the superior court's use of these factors "to determine whether the domestic violence and/or history of domestic violence was 'significant' . . . seem[s] reasonable.").

¶10            Mother also claims the three factors the superior court applied fail to adequately capture a "significant history" of domestic violence and do not fairly address ongoing lower-level abuse like what she experienced. We disagree.  The superior court concluded that Father's actions were not "significant as contemplated by statute."   The record shows the court considered domestic violence as far back as 2017 and noted how Father's anger and overbearing personality made Mother feel trapped.  But the court also found that there had been no domestic violence for at least a year and, based on the frequency and pervasiveness factors it identified, the evidence did not support a "significant" finding under A.R.S. § 25.403.03(A).  The superior court has the "discretion to weigh the evidence and determine the degree of the domestic violence's 'significance'" under A.R.S. § 25-403.03(A).  *DeLuna*, 247 Ariz. at 424, ¶ 15 n.6.

### 1.    Misquoting the Statute Was Harmless Error

¶11            Mother next asserts that the superior court materially misquoted A.R.S. § 25-403.03(A) when it stated that "joint custody shall not be awarded if the court makes a finding of the existence of <u>significant</u> domestic violence . . . or if the court finds by a preponderance of the evidence that there has been <u>significant</u> domestic violence."  She also argues the court misstated the law when it said, "the admonition in [A.R.S. § 25-403.03(A)] applies only to 'significant domestic violence.'"

¶12            Mother is correct that the superior court misquoted A.R.S. § 25-403.03(A) on page 5 of the judgment.  As previously discussed, however, the court specifically analyzed the frequency and pervasiveness of the domestic violence and contemplated Mother's claims of domestic violence dating back to 2017.  Accordingly, because the court expressly considered whether there was a significant history of domestic violence, any mischaracterization of the statutory language by the court, although error, was harmless.  *See* ARFLP 86 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

## 2. The Presumption Against Joint Legal Decision-Making

**¶13** Where, as here, the superior court finds that an act of domestic violence occurred, there exists "a rebuttable presumption that an award of sole or joint legal decision-making to the parent who committed the act of domestic violence is contrary to the child's best interests." A.R.S. § 25-403.03(D). Mother argues Father did not present sufficient evidence to rebut the presumption against joint decision-making.

**¶14** Arizona Revised Statutes § 25-403.03(E) lists six factors the court must consider in determining whether a party has rebutted the presumption. Here, the superior court made written findings as to each of those six factors and concluded that Father rebutted the presumption. We view the facts in the light most favorable to sustaining the court's findings. *Hefner v. Hefner*, 248 Ariz. 54, 57, ¶ 1 n.2 (App. 2019). We will reverse a decision only if there is "a clear absence of evidence to support" those findings. *Pridgeon v. Super. Ct.*, 134 Ariz. 177, 179 (1982). The superior court is in the best position to resolve conflicting evidence. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015).

**¶15** Although the superior court's finding regarding A.R.S. § 25-403.03(E)(1) (whether joint legal decision making is in the child's best interests) was incomplete, the court had already considered each of the A.R.S. § 25-403 best interests factors in its judgment. The court found "[t]he child has been raised by both parents since birth . . . [h]is relationship with each is strong . . . [the child] has a close relationship with Father." We presume the court fully considered all of the relevant evidence. *See In re Marriage of Gibbs*, 227 Ariz. 403, 410, ¶ 21 (App. 2011). For these reasons, any error was harmless. *See* ARFLP 86.

**¶16** As relevant to A.R.S. § 25-403.03(E)(6) (whether the parent has committed any further acts of domestic violence), the superior court referenced a November 2019 exchange of the child that occurred in front of Father's house, where "some form of altercation took place." The court concluded Father acted inappropriately by "using the child as leverage" and used his "power" and the child to "instigate an incident." The court reviewed Mother's footage of the incident and determined it was unclear whether she fell because of Father or the closing garage door. Thus, the court did not find any further acts of domestic violence and concluded that these incidents could be avoided by exchanging the child in a public place. It did not abuse its discretion in making this finding. Accordingly, the

record supports the superior court's determination that Father rebutted the presumption.

## II.   No False Or Misleading Claims

¶17   Mother argues Father intentionally misled the superior court and knowingly made false statements about committing domestic violence. She argues that the court's findings to the contrary under A.R.S. §§ 25-403(A)(7) and -415(A)(2) do not square with its contemporaneous finding of domestic violence. This issue raises both legal and factual questions.

¶18   Arizona Revised Statutes § 25-403(A)(7) is a best interests factor addressing whether either parent intentionally misled the court. The superior court found there was no credible evidence regarding this factor. Arizona Revised Statutes § 25-415 is a sanctions statute for litigation misconduct. The court found that neither parent "knowingly accused the other parent of making a false claim" under A.R.S. §§ 25-403, -403.03 or -403.04 with knowledge that the claim was actually true. These are issues of fact which we review for an abuse of discretion. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009). We "give due regard to the trial court's opportunity to judge the credibility of the witnesses," and we do not re-weigh conflicting evidence or redetermine the preponderance of the evidence. *Id.* at ¶ 16. We have reviewed Father's testimony and it reasonably supports the court's findings.

¶19   Mother does not cite any authority for her conclusion that a domestic violence finding requires a different legal result than the one reached by the superior court. And she fails to explain how the purported errors prejudiced her. *See Fuentes v. Fuentes*, 209 Ariz. 51, 57, ¶ 27 (App. 2004) (we will not disturb an evidentiary ruling "absent both a clear abuse of discretion and resulting prejudice."). We find no abuse of discretion by the superior court.

## III.   Equal Parenting Time Under A.R.S. § 25-403.03(F)

¶20   Mother argues the superior court erred when, after finding that Father had committed domestic violence, it awarded him equal parenting time without making specific findings of fact under A.R.S. § 25-403.03(F). After it finds an act of domestic violence, the superior court determines whether the offending parent has satisfied the burden of proving "that parenting time will not endanger the child or significantly impair the child's emotional development." *See* A.R.S. § 25–403.03(F).

¶21 We review the superior court's parenting time orders for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 421–22, ¶ 12 (App. 2003). We will affirm if the record has competent evidence to support the order. *See Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). We presume that the superior court knows and applies the law. *Fuentes*, 209 Ariz. at 58, ¶ 32 (citation omitted).

¶22 The record supports the superior court's finding that Father met his burden under A.R.S. § 25-403.03(F). At the outset of its judgment, the court considered and made specific findings as to each of the best interests factors in A.R.S. § 25-403(A). *See* A.R.S. § 25-403(B). The court explained that when it considered whether there was domestic violence under A.R.S. § 25-403.03(C), it did so both in the context of decision-making and parenting time. At the conclusion of its A.R.S. § 25-403.03(C) analysis, the court cited to A.R.S. § 25-403.03(F) and imposed a condition that Father complete a domestic violence course. Finally, the court found that the parenting plan was "practical and also maximizes each parent's parenting time to the extent it is [in] the child's best interests." These factors adequately demonstrate that the superior court applied the appropriate law to the facts. We find no abuse of discretion.

## IV. Attorneys' Fees

¶23 Arizona Revised Statutes § 25-324(A) authorizes the superior court to award attorneys' fees after considering the parties' financial resources and the reasonableness of their legal positions. We review an award of attorneys' fees for an abuse of discretion. *Medlin v. Medlin*, 194 Ariz. 306, 309, ¶ 17 (App. 1999). After considering the reasonableness of the parties' positions and the disparity in financial resources, the superior court awarded Mother a portion of her attorneys' fees.

¶24 Mother asserts the superior court abused its discretion by awarding her $7,500 when she requested over $19,000. Father objected to much of the billing by the non-lawyer timekeepers. He argued that some of the items were routine and should have been performed by non-timekeepers. He further argued that some of the paralegal time utilized block billing. The superior court agreed with Father. After review, we find no abuse of discretion in the superior court's award of $7,500.

## ATTORNEYS' FEES ON APPEAL

¶25 Both parties request attorneys' fees on appeal under A.R.S. § 25-324. After considering the reasonableness of the parties' positions and their financial resources, we decline to award either party attorneys' fees on

appeal.  As the successful party, we award Father his costs on appeal after compliance with Arizona Rule of Civil Appellate Procedure 21.  *See* A.R.S. § 12-341.

**CONCLUSION**

¶26        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA