NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL

AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

HOLLY ARJONA, *Petitioner/Appellant*,

*v.*

JORGE ARJONA, *Respondent/Appellee*.

No. 1 CA-CV 21-0261 FC
FILED 3-28-2023

Appeal from the Superior Court in Maricopa County
No. FC2016-093966
The Honorable John L. Blanchard, Judge

**AFFIRMED**

COUNSEL

Hoffman Legal, LLC, Phoenix
By Amy Wilkins Hoffman
*Co-Counsel for Petitioner/Appellant*

Burt Feldman & Grenier PLC, Scottsdale
By Sandra Burt, Ashley Ponzo
*Co-Counsel for Petitioner/Appellant*

Schneider & Onofry PC, Phoenix
By Maria C. Lomeli, Dee R. Giles
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1        Holly Arjona ("Mother") appeals the denial of her post-decree petition for sole legal decision-making authority and the amount of the attorneys' fee award. For the reasons stated below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        The parties have four children and shared joint legal decision-making authority and equal parenting time according to the 2017 consent decree. Mother petitioned to modify the decree two years later, seeking sole legal decision-making authority and alleging that Jorge Arjona ("Father") committed domestic violence and child abuse. Mother did not ask to modify equal parenting time.

¶3        Father did not respond to Mother's petitions but initially asked the superior court to award him sole legal decision-making authority over the children's medical issues and continue joint legal decision-making authority for all other issues. He later requested sole legal decision-making authority on all issues. The court appointed an advisor to make recommendations regarding the children's best interests.

¶4        After an evidentiary hearing, the superior court found the "parties' profound deterioration in communication and cooperation" warranted modification of the joint legal decision-making authority provisions in the decree. That finding is not disputed on appeal. Specifically, the court found the parties have a "high conflict relationship and have extreme difficulty communicating in a civil manner (due to Father's harsh and abusive communication style)." The court considered Father's texts and emails "berating and disparaging," "offensive and inappropriate attacks," "taunting," "harsh and abusive," "intimidating and harassing," and "outrageous[.]" But the court found no domestic violence or child abuse. The court awarded Father final say over the children's medical issues but continued joint legal decision-making authority on all other issues.

**¶5**          The superior court granted Mother a portion of her attorneys' fees and costs, finding that Father acted unreasonably, even if Mother had greater financial resources. The court awarded Mother $5,000 in attorneys' fees and costs. Mother filed a timely notice of appeal from the attorneys' fees judgment.

**¶6**          Before the superior court ruled on the attorneys' fee request, Mother moved to alter or amend the legal decision-making ruling under Arizona Rule of Family Law Procedure ("Rule") 83. The court denied the motion without comment. Mother amended her notice of appeal to include this ruling. We have jurisdiction. A.R.S. § 12-2101(A)(1); Ariz. R. Fam. Law P. 78(c).

## DISCUSSION

**¶7**          We review denial of a Rule 83 motion and the superior court's ruling on legal decision-making for an abuse of discretion. *Wisniewski v. Dolecka,* 251 Ariz. 240, 241, ¶ 5 (App. 2021) (Rule 83 motion); *DeLuna v. Petitto,* 247 Ariz. 420, 423, ¶ 9 (App. 2019) (legal decision-making). "An abuse of discretion occurs when the court commits an error of law in reaching a discretionary decision or when the record does not support the court's decision." *DeLuna*, 247 Ariz. at 423, ¶ 9. We will not disturb the court's factual findings absent clear error, but we review legal conclusions and statutory interpretation *de novo. Id.*

## I.    Domestic Violence

**¶8**          Mother argues the superior court abused its discretion by awarding Father the final say on the children's medical issues because he committed domestic violence. A finding that domestic violence occurred changes the standard for granting legal decision-making authority. Mother does not challenge the court's finding that Father did not abuse the children. Father argues the court correctly found he did not commit an act of domestic violence against Mother.

**¶9**          When parties contest legal decision-making authority, the superior court must decide what is in the children's best interests. *See* A.R.S. § 25-403(A); *DeLuna*, 247 Ariz. at 423, ¶ 11. The best interests analysis requires the court to consider whether domestic violence occurred. *See* A.R.S. § 25-403(A)(8); *DeLuna*, 247 Ariz. at 423, ¶ 11. The court may not award joint legal decision-making if it finds *significant* domestic violence or a *significant history* of domestic violence as defined in the criminal code at Section 13-3601. A.R.S. § 25-403.03(A). Here, there is no evidence from the record that Father engaged in criminal domestic violence.

**¶10** "If the superior court finds domestic violence that was not 'significant,' § 25-403.03(D) creates a rebuttable presumption that it is contrary to the children's best interests to award sole or joint legal decision-making authority to the offending parent." *DeLuna*, 247 Ariz. 423, at ¶ 12. When determining whether an act of domestic violence occurred, the court must consider statutory factors including: (1) "[f]indings from another court of competent jurisdiction," (2) "[p]olice reports," (3) "[m]edical reports," (4) "[r]ecords of the department of child safety," (5) "[d]omestic violence shelter records," (6) "[s]chool records," and (7) "[w]itness testimony." A.R.S. § 25-403.03(C)(1)–(7). The court must consider the factors listed in Section 25-403.03(E) when deciding whether the offending parent rebutted the presumption in Section 25-403.03(D) and make specific findings on the record. *DeLuna*, 247 Ariz. 423, at ¶ 12.

**¶11** The record contains only Mother's testimony, which is not enough to show the superior court abused its discretion in finding that Father did not engage in an act of domestic violence under Section 25-403.03. And although the record shows that Father communicated harshly and inappropriately, that does not mean Father committed an act of domestic violence for purposes of the court's legal decision-making analysis. The superior court did not abuse its discretion by failing to find Father engaged in domestic violence.

## II. Legal Decision-Making Authority

**¶12** Mother argues the court abused its discretion by maintaining joint legal decision-making for both parents. As the superior court found, the parties cannot communicate or agree on a variety of major issues such as health care decisions. Mother opposes various vaccinations for the children; Father supports any recommended vaccinations. The dissolution decree specified that the children will receive all vaccinations and abide by the recommendations of their pediatricians. Mother acknowledged her communications showed a general opposition to vaccines.

**¶13** The court found the parties have a very difficult time managing disagreements, largely due to Father's harsh communication style. Significantly, the court found the parties were at an "impasse" over how to address one child's learning difference and another child's food sensitivities. Father also blocked Mother on the children's phones after she stopped paying her share of that expense. Despite the heightened disagreement, the court found the parents would comply with court orders.

**¶14** The record confirms that these parents have difficulty reaching agreement on several parenting issues. The court still found the parents could abide by the dissolution decree and follow court orders. The court reserved final say on medical issues to Father because the decree prescribed his approach. The record does not establish that the superior court abused its discretion in allocating legal decision-making authority.

## ATTORNEYS' FEES

**¶15** We review the superior court's ruling on a request for attorneys' fees under Section 25-324 for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014). Although the superior court cited many examples of Father's unreasonable behavior, it also found Mother has considerably more resources than Father. The record supports this finding. The court was within its discretion to reduce Mother's fee award based on this financial disparity despite Father's unreasonable conduct. It is the superior court's duty to balance these two considerations; we will not reweigh them on appeal. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 31 (App. 2019). We affirm the award of attorneys' fees.

**¶16** Both parties request attorneys' fees on appeal. Neither party took unreasonable positions on appeal, and there is no current evidence of the parties' financial resources. *See* A.R.S. § 25-324(A). Mother did not request fees in the opening brief, nor did she cite the relevant statute or give any reasons supporting her request. *See* ARCAP 21(a) (requiring notice of fees request in opening brief and citation to relevant statutory authority). For these reasons, we decline to award fees on appeal to either party.

## CONCLUSION

**¶17** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA