NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOSEPH MACNEIL, *Petitioner/Appellant*,

*v.*

CHRISTIE HAZEL CARTER, *Respondent/Appellee*.

No. 1 CA-CV 25-0422 FC

FILED 03-25-2026

Appeal from the Superior Court in Maricopa County
No. FC 2022-093409
The Honorable Keith A. Miller, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Guymon Law, Chandler
By Joanna Amaris Medrano
*Counsel for Petitioner/Appellant*

Adam C. Rieth, P.L.L.C., Mesa
By Adam C. Rieth
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1 Joseph MacNeil ("Father") appeals from the superior court's dissolution decree and its order on his motion to alter or amend. For the reasons stated below, we affirm in part, vacate in part, and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2 Father and Christie Carter ("Mother") married in 2019. In 2022, Father petitioned for legal separation and the matter was later converted to a dissolution proceeding. Soon after, Father moved for temporary orders regarding legal decision-making and parenting time. The superior court awarded Mother sole legal decision-making after finding Father committed "a serious act of domestic violence against Mother . . . and ha[d] not yet rebutted the presumption in [Arizona Revised Statutes ("A.R.S.")] [§] 25-403.03." The court required Father's parenting time be supervised and ordered that he complete "a domestic violence perpetrators class, regularly attend Alcoholics Anonymous, and regularly attend an anger management class." The court later modified its temporary order to permit Father and Mother to exercise equal parenting time.

¶3 In July 2024, the superior court held a dissolution trial and later issued a dissolution decree, awarding Mother sole legal decision-making and ordering the parties to exercise equal parenting time. It also ordered Father to pay child support; allocated the parties' community and separate real property, personal property, and debts; ordered Father to make a $75,000 property equalization payment to Mother; and awarded Mother a portion of her attorneys' fees. Father timely moved to alter or amend the decree, and the court modified only the parties' winter-break parenting time.

¶4 Father timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1) and (2).

**DISCUSSION**

I.    Legal Decision-Making

¶5        Father challenges the superior court's award of sole legal decision-making to Mother.

¶6        We review the superior court's legal decision-making order for an abuse of discretion. *DeLuna v. Pettito*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).   The court abuses its discretion "when the record is devoid of competent evidence to support the decision, or when the court commits an error of law in the process of reaching a discretionary conclusion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018) (citation and internal quotation marks omitted).   We review a court's interpretation of statutes de novo. *Pima Cnty. v. Pima Cnty. Law Enf't Merit Sys. Council*, 211 Ariz. 224, 227, ¶ 13 (2005).

¶7        The court considers the best-interests factors in A.R.S. § 25-403(A) when determining legal decision-making, including whether there has been domestic violence pursuant to A.R.S. § 25-403.03.   A.R.S. § 25-403(A)(8).   "In a contested legal decision-making . . . case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child."   A.R.S. § 25-403(B).   A court's failure to make the required findings constitutes an abuse of discretion.   *Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11 (App. 2009).

¶8        Father contends the superior court erred by finding that he committed "significant" domestic violence and by failing to "explain [or] provide written findings" for its determination under A.R.S. § 25-403.03(A).[1]  Father is mistaken.

¶9        Under A.R.S. § 25-403.03(A), the court cannot award joint legal decision-making if it finds either "significant domestic violence" or "a significant history of domestic violence."   A.R.S. § 25-403.03(A).   The court has "discretion to weigh the evidence and determine the degree of the

_____

[1] Father also maintains that he completed anger management classes and alcohol abuse treatments, which means any finding of domestic violence would not preclude equal parenting time.   Because the superior court awarded him equal parenting time on a 5-2-2-5 parenting time schedule, we need not address his argument.

domestic violence's 'significance' for the purpose of § 25-403.03(A)." *DeLuna*, 247 Ariz. at 424, ¶ 15.

**¶10**      Here, the superior court evaluated the *DeLuna* factors and determined Father's acts "constituted significant domestic violence." *See id.* at ¶ 15 n.6 (listing three factors that the court may consider in determining whether domestic violence is significant: 1) seriousness, 2) frequency or pervasiveness, and 3) passage of time). The court found "Mother credibly testified that Father violently held her down and screamed at her while drunk" and that "Father threw things at her." The court also affirmed its previous findings that "[t]here were serious acts of domestic violence perpetrated by Father against Mother that occurred around the time of the parties' separation." The court's previous finding noted that "Father verbally abused Mother, smashed a vase of roses in her presence, and choked her."

**¶11**      Father argues the court failed to consider evidence as to 1) his acquittal in a July 2022 domestic-violence criminal case, 2) the lack of domestic violence since the parties separated, and 3) his allegation that Mother committed domestic violence against him. But the decree includes findings on these issues. The superior court found that 1) although Father's assault charge was dismissed, "the same facts supported" the order of protection Mother obtained against Father, 2) there has "not been any recurrence of domestic violence" since its temporary orders ruling, and 3) Father's allegation that Mother committed domestic violence against him in an October 2022 incident "[did] not constitute domestic violence under the statute."

**¶12**      The court thus did not err in finding Father committed significant domestic violence. Because we affirm the superior court's significant domestic violence finding, we need not address Father's remaining challenges to the court's A.R.S. § 25-403 findings.

II.    Property Division

**¶13**      We review the superior court's division of community property for an abuse of discretion. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007). And we view the evidence in the light most favorable to upholding the court's ruling and will affirm the ruling if the evidence reasonably supports it. *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

**¶14**      "The [superior] court has broad discretion to equitably divide assets and liabilities." *Hoobler v. Hoobler*, 254 Ariz. 130, 137, ¶ 13 (App.

2022). An equitable distribution of property "need not be . . . exactly equal, but must result in substantial equality." *Miller v. Miller*, 140 Ariz. 520, 522 (App. 1984).

> A. The superior court did not err by denying Father's waste claim or his petition to find Mother in contempt of the preliminary injunction.

**¶15** Father contends the superior court erred by failing to find Mother committed waste and by denying his reimbursement request for the cost to repair damage to the marital residence. Relatedly, he argues the court erred by awarding Mother $10,000 for the value of community property he alleges she destroyed. He also argues the court erred by denying his petition for enforcement and contempt which alleged that Mother's alleged waste and property destruction violated the preliminary injunction.

**¶16** The superior court may consider "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community [property]" as waste. A.R.S. § 25-318(C). The party alleging waste bears the burden of establishing "that the other party's disposition of community property was 'excessive or abnormal' or constituted 'destruction' of the community property." *Goodell v. Goodell*, 257 Ariz. 563, 571, ¶ 35 (App. 2024) (citation omitted).

**¶17** Father testified he spent $25,000 to replace furniture and make repairs for damage Mother caused to the marital residence but he provided no other evidence of his expenditures. Mother denied Father's damage claim and testified that Father's request was unreasonable because she left bedding, furniture, and "newer appliances" at the house, and she asked the court to order each party keep the property each had in their possession. She also denied that she sold any community property from the residence.

**¶18** The superior court did not explicitly rule on the waste issue at the dissolution trial, and the dissolution decree was silent on the issue. Any issue not ruled on by the superior court is deemed denied. *See Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 4 (App. 2018) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Parr*, 96 Ariz. 13, 15 (1964) (explaining motions not ruled on are deemed denied)). "We will defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998). Accordingly, Father has shown no abuse of discretion in the court's denial of his marital waste claim.

¶19            Further, the court "decline[d] to enter any contempt finding related to the condition that Mother left the marital residence after she was ordered to vacate it." We defer to the court's credibility determinations and the weight it gives to conflicting evidence. *Gutierrez*, 193 Ariz. at 347, ¶ 13. Because the record supports the court's denial of Father's petition for enforcement and contempt of the preliminary injunction, the court did not abuse its discretion.

B.    The superior court erred by denying Father's *Bobrow* claim.

¶20            Father argues the superior court erred by not ordering Mother to reimburse him for post-petition community expenses.

¶21            When a party uses his or her separate property to pay post-petition community expenses, the court must account for the post-petition payments "in an equitable property distribution." *Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 19 (App. 2017). We assess the overall property allocation to determine whether the denial of a party's reimbursement claim for post-petition mortgage payments is equitable. *See Barron v. Barron*, 246 Ariz. 580, 591, ¶¶ 43-44 (App. 2018), *vacated in part on other grounds*, 246 Ariz. 449.

¶22            Father first contends he should be reimbursed for post-petition mortgage payments on the marital residence, which was determined to be his sole and separate property. In his reply brief, however, Father appears to withdraw this claim, requesting reimbursement only for post-petition payments he made towards Mother's health insurance and car insurance.

¶23            In the joint pre-trial statement, Father requested reimbursement for $2,684 in car insurance expenses and $6,886 in health insurance expenses. At the dissolution trial, Father again requested reimbursement for these payments. He testified he made post-petition payments of $314 per month for Mother's health insurance and $122 per month for Mother's car insurance. Father also listed these payments in his Affidavit of Financial Information ("AFI"). Mother did not object to Father's car-insurance reimbursement request. She did, however, object to his health-insurance reimbursement request, stating she requested to be removed from Father's health insurance because she "had alternative health insurance." But when she was cross-examined, she admitted she did not "currently" have her own health insurance.

¶24            The superior court found the case did not present "a unique set of facts or circumstances," and "[t]herefore, an equal division of community property is appropriate to achieve equity." But it did not

address Father's request for reimbursement of post-petition health and car insurance payments. Because the court made no express findings or rulings as to Father's *Bobrow* claim, his claim is deemed denied. *See Birnstihl*, 243 Ariz. at 590, ¶ 4. But the lack of findings leaves us unable to discern on what basis the superior court denied the claim or whether the amount of Father's post-petition payments was included in its calculation of the $75,000 property equalization payment it ordered Father to pay to Mother.

¶25 No reasonable evidence supports the court's denial of Father's reimbursement request for these post-petition payments. Accordingly, we vacate and remand for the court to rule on Father's *Bobrow* claim.

III. Father's Alleged Ouster

¶26 Father contends he was entitled to his share of the fair rental value of the marital residence during the 14 months after "he was ousted." Although Father raised the ouster argument in the joint pre-trial statement, he presented no evidence that he was ousted or otherwise developed this argument at trial and has therefore waived it on appeal. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593-94, ¶ 25 (App. 2021) (stating that arguments not raised at the trial court are waived on appeal); *Cont'l Lighting & Contracting Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) ("[L]egal theories must be presented timely to the trial court so that the court may have an opportunity to address all issues on their merits."). Father has shown no error.

IV. Temporary Spousal Maintenance Award

¶27 Father argues the court "erred [by] not retroactively vacating its award of temporary spousal maintenance" to Mother after it denied her request for spousal maintenance at the dissolution trial. He argues the court had to vacate the temporary spousal maintenance order because it found Mother was not entitled to spousal maintenance going forward. We disagree.

¶28 "We review the court's decision to modify the amount of [spousal maintenance] for an abuse of discretion." *Maximov v. Maximov*, 220 Ariz. 299, 300, ¶ 2 (App. 2009). The court abuses its discretion only when the record, viewed most favorably to affirming, is "devoid of competent evidence to support the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (citation and internal quotation marks omitted).

**¶29**        At the dissolution trial, Mother sought spousal maintenance of $3,000 per month for 12 months.  The decree affirmed the $1,800 per month temporary spousal maintenance award to Mother, but the court found that "no additional support is now needed."  At the temporary orders hearing, Mother's AFI indicated her business did not yield net income.  By the dissolution trial one year later, Mother's updated AFI showed her business income had increased to $3,640.61 per month.  The record supports the superior court's conclusion that Mother's ability to meet her financial needs had changed since the temporary orders hearing. Accordingly, the superior court did not abuse its discretion in affirming the temporary orders awarding Mother spousal maintenance.

V.       Child Support

**¶30**        Father argues the superior court abused its discretion by failing to account for Father's daycare payments when it calculated child support.[2]

**¶31**        We review child support determinations for an abuse of discretion. *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983).  The court abuses its discretion only when the record, viewed most favorably to affirming, is "devoid of competent evidence to support the decision." *Little*, 193 Ariz. at 520, ¶ 5 (citation and internal quotation marks omitted).

**¶32**        Father testified that he paid $1,200 a month in childcare expenses, and Mother confirmed this amount in her testimony.  Father, however, has cited no authority showing the court had to include these costs in its child support calculation.  And he concedes that the "inclusion of daycare expenses is discretionary."  On this record, the superior court did not abuse its discretion.  *See* A.R.S. § 25-320 app. § III.B.4.a ("The amount paid for childcare so a parent can work or seek employment **may** be added to the Basic Child Support Obligation." (emphasis added)).

VI.      Mother's Award of Partial Attorneys' Fees and Costs

**¶33**        Father challenges the superior court's award of attorneys' fees and costs to Mother.

---

[2] In Father's reply brief, he states that he also argued "that the child support worksheet should have been retroactively modified to credit him for paying the daycare fees."  He did not raise this issue in his opening brief; it is therefore waived. *See Muchesko v. Muchesko*, 191 Ariz. 265, 268 (App. 1997).

¶34　　　We review an award of attorneys' fees made under A.R.S. § 25-324 for an abuse of discretion. *See In re Marriage of Berger*, 140 Ariz. at 167. The court abuses its discretion if it commits an error of law in making a discretionary decision. *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008).

¶35　　　To award attorneys' fees under A.R.S. § 25-324, a court must consider 1) the financial resources of the parties and 2) the reasonableness of the positions each party has taken throughout the proceedings. A.R.S. § 25-324(A). The superior court expressly considered each.

¶36　　　Father contests the superior court's finding that he had considerably more resources available than Mother. Father argues the court should have considered Mother's other financial resources including "her IRA account and Canadian investments," her business worth $100,000, and the $75,000 property equalization payment. Father testified to the Canadian investments but did not know their value. And he introduced a screenshot of the balance in Mother's IRA account. Father contends the court did not consider this evidence, but we presume the court fully considered the relevant evidence in reaching its decision. *See In re Marriage of Gibbs*, 227 Ariz. at 410, ¶ 21. Further, Father omits that he also received a business worth $100,000.

¶37　　　As to the equalization payment, Father disregards that this payment includes the amount awarded to Mother based on the *Drahos* calculations for four residential properties at issue in the dissolution. *See Saba v. Khoury*, 253 Ariz. 587, 592, ¶ 15 (2022) (holding the *Drahos* formula "properly recognizes the nature of the separate property as separate while apportioning a fair and equitable reimbursement to the community."). Father provides no case law, and we have found none, requiring the court to consider a community property equalization payment as income for attorneys' fees purposes.

¶38　　　As to their incomes, Mother's AFI showed she earned $3,640.61 per month, while the joint pre-trial statement indicated Father earned $9,000.00 per month.

¶39　　　Father also argues Mother did not qualify for attorneys' fees due to her unreasonable actions. The court found both parties acted unreasonably, noting each took aggressive positions that prolonged the case. It further found neither party fully prevailed on the merits, and it awarded Mother only a portion of her attorneys' fees and costs. "[A]n applicant need not show both a financial disparity and an unreasonable

opponent in order to qualify for consideration for an award." *Magee v. Magee*, 206 Ariz. 589, 591, ¶ 8 n.1 (App. 2004).

**¶40**        The superior court's findings and conclusions are supported by the evidence, and the court did not abuse its discretion in awarding Mother a portion of her reasonable attorneys' fees and costs.

VII.    Denial of Father's Motion to Alter or Amend

**¶41**        Father next argues the court erred by denying his motion to alter or amend.  He re-urges his arguments on legal decision-making, his *Bobrow* and waste claims, the denial of his request to retroactively modify the temporary spousal maintenance award, the failure to include daycare expenses in the child support calculations, and the award of attorneys' fees to Mother.  Based on our holding, *supra* Section II.B., the court erred by denying Father's motion to alter or amend regarding his *Bobrow* claims for paying Mother's health insurance and car insurance.  The court, however, did not err in denying Father's motion to alter or amend as to the other arguments discussed, *supra* Sections I, II.A, IV, V, and VI.

VIII.    Holiday Parenting Time Order

**¶42**        Mother's birthday is on December 25.  Father argues the superior court's order is unclear as to Christmas Day parenting time in the years in which the court awarded Mother parenting time with Child on her birthday.  The court later corrected the parenting time order to state that "in years that Petitioner has the First Segment of Winter Break, **her** parenting time extends until 6:00 p.m. on Christmas Day," despite Father being the Petitioner.  It is unclear whether the court intended to award this time to Father or Mother.  Nor did the court amend its award of parenting time on the parties' birthdays.  The order is therefore inconsistent regarding parenting time on Christmas Day and Mother's birthday.  We therefore remand for the superior court to clarify the parties' Christmas Day and birthday parenting time.

IX.    Attorneys' Fees

**¶43**        Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324.  After considering the parties' financial resources and the reasonableness of their positions, we decline to award attorneys' fees to either party.  We also decline to award costs because neither party fully prevailed. *Valento v. Valento*, 225 Ariz. 477, 484, ¶ 25 (App. 2010) (declining to award costs to either party because both parties prevailed in part).

## CONCLUSION

**¶44** We affirm the decree except for the rulings related to Father's *Bobrow* claims and the parties' Christmas Day and birthday parenting time, *see supra* Sections II.B and VIII, which we vacate and remand for proceedings consistent with this decision.

