NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TARA DANIELLE KIRK, *Petitioner/Appellee*,

*v.*

JOSHUA STUART KIRK, *Respondent/Appellant*.

No. 1 CA-CV 25-0559 FC

FILED 06-23-2026

Appeal from the Superior Court in Maricopa County
No. FC2018-092413
The Honorable Quintin H. Cushner, Judge

**AFFIRMED**

COUNSEL

James Portman Webster Law Office, PLC, Mesa
By James Portman Webster
*Counsel for Respondent/Appellant*

Stanley David Murray Attorney at Law, Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S**, Judge:

¶1 Joshua Stuart Kirk ("Father") appeals the superior court's order denying his petition to modify legal decision-making authority and parenting time. Because he has shown no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 When Father and Tara Danielle Kirk ("Mother") divorced in 2020, their four children ranged in age from four to nine years old. In the dissolution decree, the superior court found the parties had a difficult time making decisions together about the children, in part because Father struggled to manage both his emotions and his personal relationships. Given these challenges, the court: (1) ordered the parties to share joint legal decision-making authority, with Mother having final say "in the event of an impasse," (2) ordered Father to see a counselor twice a month for twelve months, and (3) designated Mother the children's primary residential parent, awarding Father parenting time every other weekend, alternating holidays, and two non-consecutive weeks every summer.

¶3 In 2023, Father petitioned to modify the decree, seeking joint legal decision-making authority—with no one having final say—and equal parenting time. Mother opposed the proposed modifications, counter-petitioned to enforce the order requiring Father to undergo counseling, and sought child support arrearages. She later requested sole legal decision-making authority.

¶4 After holding an evidentiary hearing on the motions, the superior court entered an under-advisement ruling. Specific to this appeal, the court found: (1) a change in circumstances materially affecting the welfare of the children based on the parties' disagreements about medical treatment for the children and "the growth and development" of both parties' relationships with the children, and (2) neither party's proposed modifications served the children's best interests. Although the court

denied Father's request for equal parenting time, it added one midweek overnight visit to his existing parenting-time schedule.

**¶5**        After the superior court denied his motion to alter or amend the order, Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶6**        Father challenges the superior court's denial of his requests for joint legal decision-making authority, with neither parent having final say, and equal parenting time. He contends the evidence does not support either ruling and that the court failed to make the statutorily mandated findings of fact.

**¶7**        Under A.R.S. § 25-403(A)-(B), a court determining legal decision-making or parenting time, whether "originally or on petition for modification," must "consider all factors that are relevant to the child's physical and emotional well-being" and "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." To determine the appropriate "level of decision-making," a court must also consider, as relevant here: (1) whether the parents agree to joint legal decision-making, (2) whether a lack of agreement is unreasonable or influenced by an issue unrelated to the children's best interests, and (3) the abilities of the parents to cooperate in decision-making about the children to the extent required by a court order. A.R.S. § 25-403.01(B).

**¶8**        Because Father partially grounds his arguments in statute, he asserts that the superior court's rulings are subject to *de novo* review. But a challenge to the sufficiency of factual findings does not present an issue of statutory interpretation or other question of law. Accordingly, we review the denial of Father's petition to modify for an abuse of discretion. *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). Under this standard, we will not reweigh the evidence and instead "defer to the [superior] court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). We will accept the court's findings of fact unless they are clearly erroneous, considering only whether evidence reasonably supports them. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019); *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009). Finally, on review, we may "infer from any judgment the findings necessary to sustain it if such additional findings do not conflict with express findings and are reasonably supported by the

evidence." *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984) (citation modified).

¶9          With these principles in mind, we consider the relevant evidence presented at the evidentiary hearing. Mother testified that: (1) co-parenting with Father is "[e]xtremely difficult"; (2) several medical providers have refused to continue treating the children because of Father's "constant outbursts and yelling" during appointments; (3) she has largely kept Father informed of the children's medical care, though acknowledging, in some instances, she sought medical care and life coaching for the children without consulting Father; (4) Father objects to the children taking prescription medication, preferring natural remedies and refusing to administer medications to the children during his parenting time; (5) Father failed to comply with the decree's order to seek counseling for the twelve months following the divorce, only beginning counseling four years after the decree was entered; (6) Father usually exercises parenting time from Saturday evening until Monday morning, despite Mother encouraging him to pick up the children on Friday evenings; (7) equal parenting time is not in the children's best interests because they return home "emotionally distraught" after visiting Father and require a "reset day" to regulate their emotions; (8) since the divorce, Father has exercised only one week of vacation time with the children; and (9) joint legal decision-making, without granting her final decision-making authority, would not be feasible because the parties would constantly be requesting court intervention to resolve their disputes.

¶10          Father, for his part, testified that: (1) he enjoys a warm, close relationship with each of the children; (2) the children love his wife, their stepmother, "very much"; (3) the parties' two eldest children would like to live with him full-time; (4) he has exercised considerable parenting time, "spend[ing] long periods" with the children; (5) his schedule could accommodate "a 50/50 parenting time schedule," though acknowledging he does not consistently have the same days off and sometimes travels out of town for weeks at a time; (6) he did not begin counseling until 2024 but has since participated in weekly counseling sessions; (7) Mother has, at times, not consulted him concerning the children's medical care and has made medical decisions without his input; (8) he did not yell during medical visits or otherwise experience any difficulty regulating his emotions, though admitting he has "raised" his voice and had tense exchanges with medical providers; (9) he does not approve of some of the children's medical providers and disagrees with some of their treatment plans; and (10) the court could appoint "a parenting coordinator" to resolve the parties' disputes over the children's care.

**¶11** Based on the evidence presented, the superior court entered a detailed order making specific findings for each of the A.R.S. §§ 25-403(A) and -403.01(B) factors, including: (1) the children love their parents and their step-parents; (2) the parties have a high-conflict relationship; (3) Mother failed to inform Father of some medical appointments and engaged some medical providers without his knowledge and consent; (4) Father continues to have "mental health concerns" and "credible evidence" established that he has "engaged in inappropriate behavior" with a medical provider; and (5) the parties' failure to communicate and cooperate is contrary to "the best interests of the children's health needs."

**¶12** Given these findings, the superior court denied both parties' modification requests. Instead, the court ordered that "each parent shall give good faith considerations to the views of the other and put forth best efforts to reach a consensus decision," but in the event "they cannot agree after making a good faith effort to reach an agreement, [Mother] shall have the ability to make the final decision." The court also added a midweek visit with Father to maximize his parenting time to the extent "practical" and "in the children's best interests."

**¶13** The record supports the superior court's findings and conclusions. Father appears to fault the court for failing to specify what evidence supported particular findings. Our cases, however, find error when courts fail to make findings altogether, not when they fail to support them with citations to the record. *See Nold v. Nold*, 232 Ariz. 270, 274, ¶ 15 (App. 2013) (collecting cases). Father cites no legal authority, and our review reveals none, supporting a requirement that the court must identify what evidence supports each finding in its decision. *See Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296, ¶ 14 (App. 2020) (explaining the superior court "does not have to detail each fact that supports its ruling" if the findings "include all of the ultimate facts") (citation modified). Moreover, the hearing transcripts are replete with evidence establishing the parties' high-conflict relationship that has interfered with the children's medical care. In fact, Father's briefing details the parties' ongoing, fervent disputes over the children's medical treatment. On this record, sufficient evidence supports the court's determination that absent Mother having final decision-making authority, these disagreements could cause a delay in the children receiving medical care. Given the uncontroverted evidence that Father has not been fully exercising the parenting time allowed in the decree and maintains an unpredictable work schedule requiring out-of-town travel, the record also supports the court's order of increased, but less than equal, parenting time. Father has shown no abuse of discretion.

## CONCLUSION

**¶14**        We affirm. Both parties request an award of attorneys' fees and costs on appeal under A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of their positions, we order the parties to pay their own attorneys' fees on appeal. However, Mother is entitled to her costs on appeal under A.R.S. § 12-342(A) upon compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR